UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                    :

WOODVENS THOMAS,
                    :

                 Petitioner,                05 Civ. 5828 (LTS) (DF)
                    :

    -against-                      **REPORT AND**
                    :              **RECOMMENDATION**

ELLIOT SPITZER, ATTORNEY GENERAL FOR    :
THE STATE OF NEW YORK,
                    :

                 Respondent.
------------------------------------------------------------------------X

**TO THE HONORABLE LAURA TAYLOR SWAIN, U.S.D.J.:**

       By motion dated July 28, 2008, petitioner Woodvens Thomas ("Petitioner") asks that this Court enter an order staying his deportation to Haiti.[1] (*See* Motion dated July 28, 2008 (Dkt. 10).) As such an order would be one form of the ultimate relief that Petitioner is seeking in this action, which is brought under the All Writs Act, 28 U.S.C. 1651, this Court is treating the motion as one requiring a report and recommendation pursuant to 28 U.S.C. § 636(b). As such, I respectfully recommend that the motion for a stay of deportation be denied.

## BACKGROUND

       As set out in this Court's Order of August 4, 2008 (denying without prejudice Petitioner's application for counsel), Petitioner is a Haitian national who, subsequent to having served a prison sentence for a state crime, is awaiting deportation. Petitioner originally filed an application in this Court for a writ of habeas corpus, but, as Petitioner was no longer in state

---

[1] By the same motion, Petitioner also requests that the Court appoint counsel to represent him; in a separate Memorandum and Order, this Court has denied without prejudice that aspect of Petitioner's motion.

custody at the time of that filing, his pleading was dismissed by Order of the Court (Mukasey, C.J.), and Petitioner was directed to amend his application to seek a writ of error *coram nobis*. (*See* Order, dated June 23, 2005 (Dkt. 3).) Petitioner then filed a new application on August 25, 2005, invoking the All Writs Act and seeking relief from his conviction and, more particularly, its immigration consequences. (*See* "Complaint and Petition for Relief Pursuant to the All Writs Act, 28 U.S.C. 1651, Including Writ of Error *Coram Nobis*, or in the Alternative, Writ of *Audita Querela*, and for Stay of Deportation and Humanitarian Parole, or Order of Release to Supervision Pursuant to INA 241(a)(3) and 8 C.F.R. 241.5(a) Pending Resolution of this Proceeding," dated Aug. 25, 2005 ("Pet.") (Dkt. 4).)[2]

In his current pleading, Petitioner alleges that, although he was born in Haiti, he came to this country at the age of four and has lived here ever since (Pet. at ¶ 15); that he was arrested for drug crimes when he was a teenager (*id*. at ¶¶ 17-18); that he was advised by his counsel to plead guilty without understanding that his plea would mandate his deportation (*id*. at ¶¶ 12, 22-23); and that subjecting him to deportation would likely subject him to persecution (*see id.* at ¶¶ 3, 35-45). Although, at the time of his petition, Petitioner was allegedly "in federal detention awaiting deportation and ha[d] been held there for almost six years, since his state sentence was

---

[2] Although this new pleading was not docketed until August 29, 2005, Petitioner signed it on August 25, 2005, and, where a *pro se* petitioner is incarcerated or detained at the time a suit is commenced, the date on the petition itself is generally deemed to be the filing date. *See Houston v. Lack*, 487 U.S. 266, 270 (1988); *Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993); *see also, e.g., Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 165 (S.D.N.Y. 2000).

completed" (*id.* at ¶ 1), it appears that he is no longer being detained (*see* Dkt.; *see also* Letter to the Court from Petitioner, postmarked May 5, 2006, providing a change of address).[3]

**DISCUSSION**

Petitioner asks that, pending resolution of this action, this Court stay his deportation. The federal courts, however, have only limited jurisdiction to review deportation orders. *See* 8 U.S.C. § 1252(e). Under Section 1252(e)(1), a court may issue a stay of deportation when a habeas petition, brought pursuant to 28 U.S.C. § 2241, "challenges the validity of the order of removal," but may not issue a stay based on a pending challenge to a state conviction. *Santos v. Payant*, No. 04 Civ. 8705 (NRB), 2005 U.S. Dist. LEXIS 11964, at *3 (S.D.N.Y. June 17, 2005). As Petitioner in this case is challenging his conviction and is not directly challenging any order of removal, Petitioner's motion for a stay of deportation must be denied. *See id.* (denying habeas petitioner's motion for a stay of deportation where he had challenged only his state conviction, and not the deportation order).

Moreover, even if Petitioner were challenging an order of removal, the district court would not have jurisdiction to enter a stay of deportation. The so-called "Real ID Act of 2005," Pub. L. No. 109-13, § 106(b), 199 Stat. 231 (2005), under which the circuit courts were vested with exclusive authority to review orders of removal, *see* 8 U.S.C. § 1252(a)(5),[4] has been

---

[3] This Court has ordered Respondent to serve and file an opposition to the petition, and is awaiting Respondent's submission, which is due August 6, 2008. Petitioner's reply will then be due September 5, 2008.

[4] The Real ID Act amended 8 U.S.C. § 1252(a) by adding subsection 5, which provides as follows:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other

construed to mean that only the circuit court may issue such a stay. *Sealy v. Giambruno*, No. 07-CV-1195 (NGG) (RLM), 2008 U.S. Dist. LEXIS 41290, at *3 (E.D.N.Y. May 23, 2008) ("By depriving district courts of jurisdiction to hear cases challenging final orders of removal, Congress necessarily deprived district courts of jurisdiction to grant stays of removal in such cases." (citations and internal quotation marks omitted)); *accord Taylor v. Artus*, No. 9:03-CV-1150, 2008 U.S. Dist. LEXIS 42402, at *4 (N.D.N.Y. May 29, 2008); *Munoz v. Gonzalez,* No. 05 Civ. 6056, 2005 WL 1644165, at *1 (S.D.N.Y. July 11, 2005); *Santos,* 2005 U.S. Dist. LEXIS 11964, at *1. Therefore, if this case were construed as a challenge to an order of deportation, this Court "would be required to transfer the case to the Court of Appeals for review" and would not have jurisdiction to afford Petitioner with relief, including the interim relief of a stay. *Sealy*, 2008 U.S. Dist. LEXIS 41290, at *3; *see also Santos,* 2005 U.S. Dist. LEXIS 11964, at *3.

## **CONCLUSION**

For the above reasons, I respectfully recommend that Petitioner's motion for a stay of deportation be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable

---

> habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this chapter.

Laura Taylor Swain, United States Courthouse, 500 Pearl Street, Room 755, New York, NY 10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, Room 525, New York, NY 10007. Any requests for an extension of time for filing objections must be directed to Judge Swain. FAILURE TO OBJECT WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn,* 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson,* 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
August 4, 2008

Respectfully Submitted,

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

Hon. Laura Taylor Swain, U.S.D.J.

Mr. Woodvens Thomas, *pro se*
151 West 140th Street
New York, NY 10030

Priscilla Steward, Esq.
Assistant Attorney General
Federal Habeas Corpus Section
Office of the Attorney General
  of the State of New York
120 Broadway
New York, NY 10271